UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>         Plaintiff,<br><br> v.<br><br>ENTERPRISE RENT-A-CAR COMPANY OF LOS ANGELES LLC,<br><br>         Defendant. | Case No.: 22-cv-1331-RSH-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>[ECF No. 20] |

   Plaintiff Jerome L. Grimes filed a Complaint against Defendant Enterprise Rent-A-Car Company of Los Angeles LLC on September 2, 2022. ECF No. 1. On July 20, 2023, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim. ECF No. 16. On July 28, 2023, this Court granted Defendant's Motion and dismissed Plaintiff's Complaint, finding that Plaintiff's Complaint failed to meet the pleading standards of Rule 8 and failed to state a claim under Rule 12(b)(6). ECF No. 18 at 3. This Court granted Plaintiff leave to amend to correct the Complaint's deficiencies. *Id.*

1

On August 9, 2023, Plaintiff filed an Amended Complaint, realleging his negligence claim and asserting a racial discrimination claim under the Federal Civil Rights Acts of 1964 and 1968. ECF No. 19.[1] Defendant moved to dismiss for failure to state a claim. ECF No. 21. As set forth below, the Court grants Defendant's motion and dismisses Plaintiff's Amended Complaint.

## I. LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where a party wishes to test the adequacy of a complaint's allegations, it may file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss, a complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell A. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When reviewing a 12(b)(6) motion, the Court "does not blindly defer to the labels and conclusions provided by the complaint, nor to any naked assertions devoid of further factual enhancement, but rather must demand that a complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Glazer*

---

[1] On August 24, 2023— without leave of this Court and after Defendant had filed its Motion to Dismiss Plaintiff's Amended Complaint—Plaintiff filed a Second Amended Complaint, which contained minor revisions to one paragraph of his prior filing. ECF No. 22. For purposes of this Order, this Court refers to the Amended Complaint, but notes that the filings are, in essence, identical and its ruling would apply equally to the Second Amended Complaint.

*Capital Mgt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 763 (9th Cir. 2023) (quotations and citations omitted).

## II. ANALYSIS

Plaintiff's Amended Complaint reasserts his negligence claim and alleges a new racial discrimination claim. The Court considers each in turn and construes Plaintiff's pro se pleadings liberally. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

### A. Negligence Claim

Plaintiff reasserts the supervisory negligence claim he brought in his original Complaint. ECF No. 19 ¶¶ 53-57. The Amended Complaint alleges that on February 17, 2022, Enterprise employees served a notice of demand on Plaintiff, which required him to pay over $600 seemingly because of the late return of Plaintiff's rental vehicle. ECF 19 ¶¶ 54-55. It also alleges that the employees submitted a "bad faith San Diego Police Incident Report" regarding the incident. *Id.* ¶ 64.

In the Order dismissing Plaintiff's original Complaint, this Court explained that "[t]he Complaint does not allege facts that plausibly establish the elements of negligence as to any of the incidents." ECF No. 18 at 3. This Court gave explicit examples for each alleged instance of liability. First, "as to Plaintiff's allegation that Defendant failed to provide him with certain documents, it is not clear from the Complaint which of the listed documents Defendant failed to provide, why Defendant was obligated to provide those documents, or how Plaintiff suffered actual loss as a result of not having those documents." *Id.* Second, "[a]s to the allegation that Defendant wrongfully demanded return of a vehicle, the Complaint does not explain why that demand was wrongful or how Plaintiff suffered actual loss as a result of that demand." *Id.* Third, "[a]s to the allegation that Defendant wrongfully reported a theft, the Complaint does not allege what was said to the police, by whom, or how it was false. Nor does the Complaint explain how Plaintiff suffered actual loss as a result of this report." *Id.*

Finally, this Court explained:

> For each incident, the Complaint is also missing basic allegations about who was involved, how those individuals are connected to Defendant, and what allegedly occurred. It does not give fair notice to Defendant of Plaintiff's claim and the basis for that claim. The Complaint therefore fails to meet the pleading standards of Rule 8 and fails to state a claim under Rule 12(b)(6).

*Id.*

Plaintiff's Amended Complaint fails to cure these deficiencies. Although this Court explained that Plaintiff must offer a description of any documents Defendant failed to provide and its obligation to do so, the Amended Complaint's negligence claim no longer explicitly mentions a failure to provide documents, nor does Plaintiff provide any explanation of why he would be entitled to them.

As to the allegation that Defendant wrongfully demanded return of the vehicle, Plaintiff mentions a "Late Return" on January 21, 2022, but fails to offer any further explanation of why the demand was wrongful. And although Plaintiff now names two Rent-A-Car employees, Brandon Esparza and Elizabeth Mendoza, and alludes to a $600 fee he was charged, it is not clear from the face of the Amended Complaint why it was wrongfully charged or a basis for Defendant's liability. ECF No. 19 ¶ 54.

Once again Plaintiff does not offer facts regarding the police report, which he mentions only in passing as "Bad faith Stolen Automobile Police Reporting," *Id.* ¶ 57. He thus does not comply with this Court's instruction to "allege what was said to the police, by whom, or how it was false." ECF No. 18 at 3.

Plaintiff's negligence claim fails to include basic allegations about what allegedly occurred in each instance and fails to cure the deficiencies this Court identified in his original complaint. The Court finds that Plaintiff has failed again to state a claim for relief and dismisses Plaintiff's negligence claim. *See Nat'l Funding, Inc. v. Com. Credit Counseling Servs.*, Inc., 817 F. App'x 380, 385 (9th Cir. 2020) (affirming dismissal of a claim where plaintiff "could not save [its] claim by amendment" and "failed to delineate

any additional facts it would add in support of this claim to cure these deficiencies if given leave to amend").

### B. Racial Discrimination Claim

Plaintiff's Amended Complaint also raises a new racial discrimination claim, which he describes as "Seeking Automobile Repair Shop Service While Black." ECF No. 19 ¶¶ 23-51. As best the Court can discern, Plaintiff alleges that two employees of Enterprise Rent-A-Car acted with a "racially motivated agenda" on December 1, 2020 when they failed to provide a hard-copy rental contract agreement for "racially motivated reasons." ECF No. 19 ¶¶ 26, 34. The Amended Complaint states that "because of the [Plaintiff's] race," the employees "plotted . . . to steal [Plaintiff's] 'privacy' and 'valuable items.'" *Id.* ¶ 31. Plaintiff's Amended Complaint suggests that the acts of these employees led to his arrest, *see id.* ¶ 40, but Plaintiff does not explain why. Plaintiff states that he is suing under "Federal Civil Rights Acts of 1964 & 1968 forbidding racial discrimination." *Id.* ¶ 1.

Plaintiff does not specify what title of the Civil Rights Act of 1964 he is relying on. The Court presumes, based on Plaintiff's description of his claim, that he is making an argument under Title II. Title II of the Civil Rights Act of 1964 guarantees that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). But Title II covers only places of public accommodation and Defendant Rent-A-Car does not appear to be a place of public accommodation as defined by statute.[2] *See Strober v. Payless Rental Car*, 701 F. App'x

---

[2]  Under Title II, a place of public accommodation is:

>  (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is

911, 912 (11th Cir. 2017) (holding Payless Rental Car is not a public accommodation under Title II). Plaintiff has thus failed to state a claim under the Civil Rights Act of 1964.

Plaintiff also references the Civil Rights Act of 1968, also known as the Fair Housing Act, which guarantees protection from discrimination in the sale or rental of housing. *See* 42 U.S.C. § 3601 *et seq.* None of Plaintiff's complaints relate to the sale or rental of housing, and the Court can determine no argument as to how the Fair Housing Act is relevant to Plaintiff's complaints against Defendant Rent-A-Car. Plaintiff has failed to state a claim under the Civil Rights Act of 1968.

Moreover, nowhere does Plaintiff articulate a "clear and plain statement" of his claim, as required by Rule 8(a). While Plaintiff references race sporadically throughout his Amended Complaint, the pleading is too disjointed and unintelligible for the Court to determine Plaintiff's claim and too vague to put Defendant on notice of the claims against

---

actually occupied by the proprietor of such establishment as his residence;

(2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;

(3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and

(4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b).

it. *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (explaining a complaint that is "verbose, confusing and conclusory" violates Rule 8).

\*   \*   \*

Plaintiff's Amended Complaint fails to state a plausible claim for relief. The Court grants Defendant's Motion to Dismiss Plaintiff's Amended Complaint. *See Gottschalk v. City & Cnty. of San Francisco*, 964 F. Supp. 2d 1147, 1158 (N.D. Cal. 2013) (granting a motion to dismiss where "the facts [Plaintiff] pleads are conclusory, of unclear relevance, or so bizarre as to be entirely implausible").

Plaintiff has now filed a Complaint and an Amended Complaint. Without leave of the Court, he has also filed a Second Amended Complaint, which is nearly identical to his Amended Complaint. *See* ECF No. 22. The Court determines that none of Plaintiff's filings have met the pleading standards required by Rule 8(a) even though the Court explained Plaintiff's prior filing's deficiencies and gave Plaintiff opportunity to amend. Accordingly, this Court determines any amendment would be futile and dismisses Plaintiff's Amended Complaint with prejudice and without leave to amend. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment."); *see also Doe v. Fed. Dist. Ct.*, 467 F. App'x 725, 728 (9th Cir. 2012) (explaining "repeated failure to cure deficiencies by amendments previously allowed" "weighs against granting further amendments).

### III.   CONCLUSION

For the above reasons, the Court:

1.   **GRANTS** Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 20].

2.   **DENIES** Plaintiff's Motion for Leave to File Second Amended Complaint [ECF No. 21] and Motion for Leave to Electronically File Documents [ECF No. 25] as moot.

3. **DISMISSES** this action **WITH PREJUDICE**.

4. **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED.**

Dated: October 23, 2023

*Robert S Huie*
_____
Hon. Robert S. Huie
United States District Judge